28270588.3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT WRIGHT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DUPONT SPECIALTY PRODUCTS USA, )<br>LLC, )<br>)<br>Defendant. ) | C.A. No. 19-cv-00717-LPS |

## JOINT MOTION FOR APPROVAL AND TO DISMISS LAWSUIT WITH PREJUDICE

Plaintiff Robert Wright and Defendant DuPont Specialty Products, USA, LLC (collectively referred to herein as the "Parties"), by and through their respective counsel, hereby file this Joint Motion for Approval and to Dismiss Lawsuit With Prejudice, and state the following in support thereof:

1. On August 30, 2019, Plaintiff filed a Complaint [D.I. 1] in the United States District Court for the District of Delaware seeking relief and recovery against Defendant for allegations pertaining to: (1) retaliation in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"); (2) violation of the Delaware Wage Payment and Collection Act; and, (3) breach of implied covenant of good faith and fair dealing.

2. By stipulation between the Parties dated August 7, 2019, the Parties agreed to dismiss Plaintiff's claim for retaliation in violation of the Delaware Wage Payment and Collection Act [D.I. 12].

3. Defendant disputes Plaintiff's claims. In order to avoid the costs and uncertainty of litigation, the Parties negotiated a resolution of this matter. The Parties now seek approval of the resolution from the Court.

28270588.3

4. The Parties seek this Court's approval of the resolution because claims under the FLSA, like those released by Plaintiff in the Confidential Settlement Agreement and General Release between the Parties (hereinafter, "Agreement"), may not be waived or released without U.S. Department of Labor or Court approval. *See* 29 U.S.C. 216 (c); *Justison v. McDonald's Corp.*, No. 08-448 (LPS), 2010 U.S. Dist. LEXIS 139161, at *2 (D. Del. Nov. 9, 2010); *see also Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 374 (4th Cir. 2005) vacated on other grounds 493 F.3d 454 (4th Cir. 2007) ("Again, the Supreme Court has consistently held that the rights guaranteed by the FLSA cannot be waived by private agreement between the employer and employee"); *Lynn's Food Stores, Inc. v. U.S.,* 679 F.2d 1350 (11th Cir. 1982). The Agreement is filed separately under seal as Exhibit A.

5. The Parties have agreed to resolve all claims asserted through the execution of the Agreement. The Parties represent that, in accordance with the terms of the Agreement, Plaintiff is receiving a reasonable and satisfactory recovery of an agreed upon sum as payment for unpaid wages allegedly owed, plus payment of an agreed upon amount for attorneys' fees and costs.

6. Plaintiff specifically agrees and stipulates that the terms of the Agreement represent a fair and equitable resolution of all claims asserted by Plaintiff in this matter. The resolution allows the Parties to resolve the claims at issue without the necessity or delay of trial and possible appeals as well as the uncertainty of continued litigation. In exchange for these payments, Plaintiff agrees to release the Defendant from any and all claims he may have against the Defendant and releasees.

7. The Parties have been adequately represented by experienced counsel.

8. The Parties request that the Court approve the parties' settlement as a fair and reasonable resolution of a bona fide dispute under the FLSA.

28270588.3

9. The Parties further stipulate, pursuant to Federal Rule of Civil Procedure 41(a)(1) and 41(c)(2), to the dismissal of all claims asserted in this matter with prejudice upon approval of the settlement by the Court as requested above and for the Court to retain jurisdiction in order to enforce the terms of the settlement agreement, if needed.

WHEREFORE, the Parties respectfully request that this Court enter an Order, in the form set forth below, approving the settlement and dismissing this lawsuit with prejudice.

**AGREED AS TO FORM AND CONTENT**:

| ALLEN & ASSOCIATES | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| */s/ Michele D. Allen* | */s/ Lauren E.M. Russell* |
| Michele D. Allen, Esq. (No. 4359)<br>Emily A. Biffin, Esq. (No. 6693)<br>4250 Lancaster Pike, Suite 230<br>Wilmington, DE 19805<br>Telephone: (302) 234-8600<br>Facsimile: (302) 234-8602<br>Email: Michele@allenlaborlaw.com;<br>     Emily@allenlaborlaw.com | Lauren E.M. Russell, Esq. (No. 5366)<br>100 North King Street<br>Wilmington, DE 19801<br>Telephone: (302) 576-3255<br>Facsimile: (302) 576-3750<br>Email: lrussell@ycst.com<br><br>-and-<br><br>JACKSON LEWIS, PC<br>Stephanie J. Peet, Esq. (admitted *pro hac*)<br>1601 Cherry Street, Suite 1350<br>Telephone: (267) 319-7811 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| Dated: June 30, 2021 | Dated: June 30, 2021 |

The Court hereby approves the settlement and dismisses this lawsuit with prejudice. **SO ORDERED** this ___ day of _____, 2021.

                                                 _____
                                                 Honorable Leonard P. Stark, U.S.D.J.